January 24, 1939

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Mr. Lockhart:

Opinion No. 189
Re:  Stamp Tax on D/T presented
for filing as muniment of title
after foreclosure.

You advise that long prior to the effective
date of Article 7047e, Revised Civil Statutes, a deed
in which the vendor's lien was reserved to secure part
of the purchase price was recorded in Hidalgo County.
A deed of trust on the same land given as cumulative
security at the same time was not placed of record.
After Article 7047e became effective the deed of trust
was foreclosed by trustee's sale under the power contained
in the deed of trust.  The purchaser has tendered the
deed of trust for record, but the County Clerk refuses
to receive and record  the same until the stamp tax has
been paid thereon.  You ask our opinion whether the
County Clerk is justified in his refusal.

Article 7047e, (a), aforesaid, reads as
follows:

"Except as herein otherwise provided, there
is hereby levied and assessed a tax of ten cents
(10¢) on each One Hundred Dollars ($100) or
fraction thereof, over the first Two Hundred
Dollars ($200), on all notes and obligations
secured by chattel mortgage, deed of trust,
mechanic's lien contract, vendor's lien, condi-
tional sales contract and all instruments of a
similar nature which are filed or recorded in
the office of the County Clerk under the Regis-
tration Laws of this State; providing that no
tax shall be levied on instruments for an
amount of Two Hundred Dollars ($200) or less,
After the effective date of this Act, except
as hereinafter provided, no instrument creating
a lien of any character to secure the payment
of money, or reserving title to any property

until the purchase price thereof shall have been paid, shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this Section; and providing further that the provisions of this Section shall not apply to renewals or extensions of any notes or obligations, and specifically shall not apply to refunding of existing bonds or obligations.  And providing further this Section shall not apply to notes and obligations or instruments securing same taken by or on behalf of the United States or any corporate agency or instrumentality of the United States Government in carrying out a governmental purpose as expressed in any Act of the Congress of the United States".

The Act makes no attempt to place a tax on unsecured notes or obligations.

The power of sale provided in the deed of trust having been exercised and the land sold, the note secured by the same has been discharged in whole or in part. If it has been paid in full, no note or obligation remains to be taxed.  If any balance remains due on the note, such balance is not secured and is therefore not subject to the tax.

If the trustee's deed has been placed of record showing a valid sale under the power contained in the deed of trust, then it is our opinion that such deed is entitled to be recorded without being stamped under the above statute.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:N

APPROVED:

ATTORNEY GENERAL OF TEXAS